IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTHERN NEW JERSEY ORTHOPAEDIC SPECIALISTS, P.A.; MARC. A COHEN, M.D.; BERGEN ANESTHESIA & PAIN MANGEMENT; and MICHAEL D. MOST, M.D. a/s/o E.C., <br><br> Plaintiff(s), <br><br> v. <br><br> HEALTH NET OF NEW JERSEY, INC.; ABC CORP. (1-10)(said names being fictitious and unknown entities), <br><br> Defendant(s). | Civil Action No.: |

NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Health Net of New Jersey, Inc. ("Health Net"), by its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446 in the Office of the Clerk of the United States District Court for the District of New Jersey, for removal of the above-captioned litigation from the Superior Court of New Jersey, Morris County, Law Division, Docket No.: MRS-L-2157-12 where it is now pending to the United States District Court for the District of New Jersey.

INTRODUCTION

1. This action was brought against Health Net by Plaintiffs Northern New Jersey Orthopaedic Specialists, P.A., Marc A Cohen, M.D., Bergen Anesthesia & Pain Management and

1

Michael D. Most, M.D., all as the alleged assignee of patient E.C to recover benefits for services rendered on multiple dates of service. E.C. received health benefits from Health Net through his employment with Ferris Brother, Inc., under the terms of an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA"). Among other things, Health Net provides health care benefits for beneficiaries of employee benefit plans governed by ERISA. Because Plaintiffs seek to recover benefits due under an ERISA-governed employee benefit plan, this Court may exercise removal jurisdiction over the action.

## PARTIES

2. Plaintiff Northern New Jersey Orthopaedic Specialists, P.A. ("Northern NJ Ortho") is an orthopaedic medical center having its office located at 111 Madison Avenue, Morristown, NJ 07960. (Complaint, ¶ 1). At all relevant times, Northern NJ Ortho was an "out-of-network" provider that did not have a contract with Health Net. (Complaint, ¶ 1).

3. Plaintiff Marc A. Cohen, M.D. ("Dr. Cohen") is a licensed surgeon who allegedly performed medical procedures on E.C. (Complaint ¶ 2). Dr. Cohen allegedly works out of Northern NJ Ortho. (Complaint ¶ 1).

4. Plaintiff Bergen Anesthesia and Pain Management ("Bergen Anesthesia") is an anesthesia provider associated with Northern NJ Ortho with a location of 500 Grand Avenue, Englewood, NJ 07631. (Complaint ¶ 3). Bergen Anesthesia allegedly administered anesthesia to E.C. in conjunction with the services at issue. (Complaint ¶ 3).

5. Defendant Health Net of New Jersey, Inc. ("Health Net") is an insurance company authorized to transact business in the State of New Jersey. (Complaint ¶ 6). Health Net, among other

2786993-01

things, provides health benefits and administers benefits for participants and beneficiaries of employee benefit plans governed by ERISA.

## PROCEEDINGS TO DATE

A.  Plaintiff's Complaint

6. On August 22, 2012, Plaintiffs filed a complaint styled <u>Northern New Jersey Orthopaedic Specialists, P.A., Marc A. Cohen, M.D., Bergen Anesthesia & Pain Management, Michael D. Most, M.D. a/s/o E.C. v. Health Net of New Jersey, Inc., et al.</u>, Docket No.: L-2157-12 in the New Jersey State Court, Law Division, Morris County.  (A copy of Plaintiffs' Amended Complaint is attached hereto as Exhibit "A").

7. Plaintiffs issued a summons on or about September 6, 2012.  (A copy of the Summons is attached hereto as Exhibit "B.")

8. The complaint filed by Plaintiffs seek to recover benefits for services rendered to E.C. on multiple dates of service pursuant to an employee benefit plan governed by ERISA and is a claim for benefits within the meaning of Section 502(a) of ERISA, 29 U.S.C. § 1132(a).

9. The complaint specifically alleges violations of ERISA and asserts that Plaintiff is entitled to recover benefits due under ERISA pursuant to a purported assignment of benefits.

## TIMELINESS

10. On September 7, 2012, Health Net first received a copy of the Complaint.

11. Health Net timely filed this Notice of Removal within thirty (30) days of its receipt of the Summons and Complaint as required by 28 U.S.C. §1446(b).

2786993-01

## GROUNDS FOR REMOVAL

12. Plaintiffs, as purported assignees of a plan beneficiary and a third party beneficiary of the benefit plan, seeks to recover benefits from Health Net under the terms of an employee benefit plan governed by ERISA, for services rendered on multiple dates of service in the amount of $181,645.87.

13. Plaintiffs do not allege that they have any contract or other agreement with Health Net.

14. Plaintiffs' claim for benefits, as a matter of federal law, is governed by the terms and conditions of ERISA and therefore falls within the ambit of this Court's original federal question jurisdiction. See Egelhoff v. Egelhoff, 532 U.S. 141, 147-48 (2001)(terms and conditions of payment and administration of payment are, as a matter of federal law, governed exclusively by ERISA plans.)

15. It is well-settled that the "carefully integrated civil enforcement provisions" in ERISA Section 502 were "intended to be exclusive." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987)(internal quotation marks omitted). Indeed the exclusivity of ERISA remedies is so strong that it permits removal of any purported state-law cause of action that amounts to an alternative mechanism for enforcing a claim to ERISA-governed benefits. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). The U.S. Supreme Court accordingly has instructed that any state-law claims that seek to collect benefits under the terms of ERISA plans must be recharacterized as benefits claims under Section 502(a) of ERISA, and that such claims give rise to removal jurisdiction no matter how Plaintiff characterizes those claims. Id. at 65 (preemptive force of ERISA operates to "convert[]" ordinary state-law claims into federal claims for purposes of the well-pleaded complaint

rule); Wood v. Prudential Ins. Co. of Am., 207 F.3d 674, 678 (3d Cir. 2000), cert. denied, 531 U.S. 927 (2000)("[c]omplete preemption is an exception to the well-pleaded complaint rule" and "does not depend on any type of relief requested in the complaint"); Parrino v. FHP, Inc., 146 F.3d 699, 704 (9th Cir. 1998)(complete preemption doctrine empowers courts to "look beyond the face of the complaint").

16. The present lawsuit is removable from state court to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1331 and § 1441(a), (b) and (c).

## VENUE

17. Plaintiffs' action is pending in the Superior Court of New Jersey, Law Division, Morris County, New Jersey, which is within this judicial district. See 28 U.S.C. § 110. This Court is thus the proper venue for removal under 28 U.S.C. §§ 1441(a) & 1445(a).

## NOTICE

18. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiffs. (A copy of the Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Morris County, Law Division in the form attached hereto as Exhibit "C").

## SUPPLEMENTAL JURISDICTION

19. To the extent that any of Plaintiffs' claims do not relate to the denial of benefits under ERISA, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367 and 1441(c).

2786993-01

## CONCLUSION

For the foregoing reasons, Defendant Health Net of New Jersey, Inc., respectfully demands that this action, previously pending in the Superior Court of New Jersey, Law Division, Morris County, be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

CONNELL FOLEY LLP
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
(856) 317-7100

*Attorneys for Defendant*
*Health Net of New Jersey, Inc.*

BY:  *s/Christine S. Orlando*
Christine S. Orlando, Esquire
Matthew A. Baker, Esquire

DATE: October 5, 2012

## CERTIFICATE OF SERVICE

I, Randi Vuich, of full age, hereby certify that the original of the within Notice of Removal has been filed with the Clerk, United States District Court for the District of New Jersey, via electronic filing, and that a copy of the within pleading has been served this date, via first-class mail, upon:

>Andrew Bronsnick, Esquire
>Massood & Bronsnick, LLC
>50 Packanack Lake Rd. East
>Wayne, NJ 07470
>*Attorneys for Plaintiffs*

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

_____
Randi Vuich

DATE:  October 5, 2012

2786993-01