IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTHERN NEW JERSEY ORTHOPAEDIC SPECIALISTS, P.A., MARC A. COHEN, M.D., BERGEN ANESTHESIA & PAIN MANGEMENT; MICHAEL D. MOST, M.D.; a/s/o ERIC C., <br><br> Plaintiffs, <br><br> v. <br><br> HEALTH NET OF NEW JERSEY, INC.; ABC CORP. (1-10)(Said names being fictitious and unknown entities), <br><br> Defendants. | CIVIL ACTION NO.: 12-06257-SRC-CLW |

## ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

Defendant Health Net of New Jersey, Inc. ("Health Net") hereby answers the Complaint filed by Plaintiffs Northern New Jersey Orthopaedic Specialists, P.A., Marc A. Cohen, M.D., Bergen Anesthesia & Pain Management, Michael D. Most a/s/o Eric C ("Plaintiffs") and files the following affirmative defenses:

### THE PARTIES

1. Health Net admits only that Plaintiff Northern New Jersey Orthopaedic Specialists, P.A. ("Northern NJ Ortho") is an out-of-network provider and does not have a contract with Health Net. Health Net is without sufficient knowledge to confirm or deny the remaining allegations contained within paragraph 1 of the Complaint and leaves Plaintiffs to their proofs.

2. Health Net is without sufficient knowledge to confirm or deny the allegations contained within paragraph 2 of the Complaint and leaves Plaintiffs to their proofs.

2824827-01

3. Health Net is without sufficient knowledge to confirm or deny the allegations contained within paragraph 3 of the Complaint and leaves Plaintiffs to their proofs.

4. Health Net is without sufficient knowledge to confirm or deny the allegations contained within paragraph 4 of the Complaint and leaves Plaintiffs to their proofs.

5. Health Net is without sufficient knowledge to confirm or deny the allegations contained within paragraph 5 of the Complaint and leaves Plaintiffs to their proofs.

6. Health Net denies each and every allegation contained in paragraph 6 of the Complaint except to admit only that Health Net is an insurance company authorized to transact business in the State of New Jersey.

7. Health Net admits only that it conducts business throughout the State of New Jersey, including Morris County. The remaining allegations contained within paragraph 7 of the Complaint are legal averments to which no response is required. To the extent that an answer is deemed necessary, Health Net denies the remaining allegations contained within paragraph 7 of the Complaint.

8. Health Net denies each and every allegation contained in paragraph 8 of the Complaint except to admit only that Plaintiffs received a written assignment of benefits from Eric C.

## SUBSTANTIVE ALLEGATIONS

9. Health Net denies each and every allegation contained in paragraph 9 of the Complaint except to admit only that Health Net administers a fully insured group health benefit plan which provides in-network benefits and in some instances provides out-of-network benefits.

10. Health Net denies that the services allegedly rendered were "medically necessary" and were approved by Health Net. Health Net is without sufficient knowledge to confirm or

deny the remaining allegations within paragraph 10 of the Complaint and leaves Plaintiffs to their proofs.

      11.    Health Net denies each and every allegation contained in paragraph 11 of the Complaint.

      12.    Health Net denies each and every allegation contained in paragraph 12 of the Complaint.

      13.    Health Net denies each and every allegation contained in paragraph 13 of the Complaint.

      14.    Health Net denies each and every allegation contained within paragraph 14 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefit plan.

      15.    Health Net denies each and every allegation contained within paragraph 15 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefit plan.

      16.    Health Net denies each and every allegation contained within paragraph 16 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefit plan.

      17.    Health Net denies each and every allegation contained within paragraph 17 of the Complaint except to admit only that the claims at issue were properly processed and paid in

accordance with the terms, conditions, exclusions and limitations of the applicable health benefit plan.

18. Health Net denies each and every allegation contained within paragraph 18 of the Complaint.

19. Health Net denies each and every allegation contained within paragraph 19 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefit plan.

20. The averments contained in paragraph 20 of the Complaint are nothing more than legal conclusions to which no response is required. To the extent that an answer is deemed necessary, Health Net denies each and every allegation contained within paragraph 20 of the Complaint.

**WHEREFORE**, Health Net demands judgment in its favor and against Plaintiffs dismissing their Complaint with prejudice and for an award of attorney's fees and costs.

### FIRST COUNT
### (Violation of ERISA)

21. Health Net repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

22. Health Net denies each and every allegation contained within paragraph 22 of the Complaint except to admit only that the health benefit plan under which Plaintiff is seeking benefits is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq.

23. Health Net denies each and every allegation contained with paragraph 23 of the Complaint except to admit only that the fully insured group health benefit plan under which Plaintiffs are making a claim for benefits is insured by Health Net.

24. The averments contained in paragraph 24 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Health Net denies each and every allegation contained within paragraph 24 of the Complaint.

25. The averments contained in paragraph 25 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Health Net denies each and every allegation contained within paragraph 25 of the Complaint.

26. The averments contained in paragraph 26 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Health Net denies each and every allegation contained within paragraph 26 of the Complaint.

27. Health Net is without sufficient information to confirm or deny the allegations contained within paragraph 27 of the Complaint and leaves Plaintiffs to their proofs.

28. Health Net denies each and every allegation contained within paragraph 28 of the Complaint.

29. Health Net denies each and every allegation contained within paragraph 29 of the Complaint.

30. Health Net denies each and every allegation contained within paragraph 30 of the Complaint except to admit only that the claims at issue were properly processed and paid in accordance with the terms, conditions, exclusions and limitations of the applicable health benefit plan.

31. Health Net denies each and every allegation contained within paragraph 31 of the Complaint.

32. Health Net denies each and every allegation contained within paragraph 32 of the Complaint.

33. Health Net denies each and every allegation contained within paragraph 33 of the Complaint.

34. Health Net denies each and every allegation contained within paragraph 34 of the Complaint.

**WHEREFORE**, Health Net demands judgment in its favor and against Plaintiffs dismissing their Complaint with prejudice and for an award of attorney's fees and costs.

## SECOND COUNT
### (ERISA – Breach of Fiduciary Duty)

35. Health Net repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

36. The averments contained in paragraph 36 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Health Net denies each and every allegation contained within paragraph 36 of the Complaint.

37. The averments contained in paragraph 37 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Health Net denies each and every allegation contained within paragraph 37 of the Complaint.

38. The averments contained in paragraph 38 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Health Net denies each and every allegation contained within paragraph 38 of the Complaint.

2824827-01

39. The averments contained in paragraph 39 of the Complaint are nothing more than legal conclusions to which no answer is required. To the extent an answer is deemed necessary, Health Net denies each and every allegation contained within paragraph 39 of the Complaint.

40. Health Net denies each and every allegation contained within paragraph 40 of the Complaint.

41. Health Net denies each and every allegation contained within paragraph 41 of the Complaint.

**WHEREFORE**, Health Net demands judgment in its favor and against Plaintiffs dismissing their Complaint with prejudice and for an award of attorney's fees and costs.

### THIRD COUNT
### (Negligent Misrepresentation)

42. Health Net repeats and incorporates by reference it answers to the proceeding allegations of the Complaint.

43. Health Net denies each and every allegation contained within paragraph 43 of the Complaint.

44. Health Net denies each and every allegation contained within paragraph 44 of the Complaint.

45. Health Net denies each and every allegation contained within paragraph 45 of the Complaint.

46. Health Net denies each and every allegation contained within paragraph 46 of the Complaint.

47. Health Net denies each and every allegation contained within paragraph 47 of the Complaint.

**WHEREFORE**, Health Net demands judgment in its favor and against Plaintiffs dismissing their Complaint with prejudice and for an award of attorney's fees and costs.

### FOURTH COUNT

48. Health Net repeats and incorporates by reference its answers to the proceeding allegations of the Complaint.

49. The allegations contained within paragraph 49 of the Complaint are not directed towards Health Net therefore no response is required. To the extent that an answer is deemed necessary, Health Net is without sufficient knowledge to confirm or deny the allegations contained within paragraph 49 of the Complaint and leaves Plaintiffs to their proofs.

CONNELL FOLEY LLP
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002

*Attorneys for Defendant*
*Health Net of New Jersey*

BY:  *s/Christine Orlando*
     Christine S. Orlando, Esquire

DATE:   December 19, 2012

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the express terms of the applicable health benefit plan.

3. Plaintiffs' claim seeks benefits that are not eligible for coverage according to the terms of the relevant health benefit plans.

4. Plaintiffs' claims are barred because Plaintiffs lack any contract with Health Net.

5. Health Net did not violate any legal or contractual duty owed to Plaintiffs.

6. Health Net acted reasonably and in good faith with Plaintiffs at all times.

7. The Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and the Plaintiffs are limited to remedies thereunder as against Health Net which are limited to payment of benefits that were allegedly denied.

8. Plaintiffs' claims are expressly and completely preempted in whole or in part by Sections 502(a) and 514(a) of ERISA, 29 U.S.C. §§1132(a) and 1144(a).

9. Plaintiffs' claims are barred by reasons of the Doctrines of Waiver, Laches, Unclean Hands and/or Estoppel.

10. The Complaint may be barred by the applicable Statute of Limitations.

11. Plaintiffs' claims are barred because Plaintiffs lack standing to pursue this action.

12. Plaintiffs have failed to exhaust all appeal rights under the applicable health benefit plan. Thus, the Complaint is premature and must be dismissed.

13. Plaintiffs' claims are barred because Health Net fulfilled all its obligations under the health benefits plan and/or policies of insurance.

14. Health Net reserves the right to amend its answer to assert additional defenses and/or supplement, alter or change its answers upon completion of the appropriate investigation and discovery.

**WHEREFORE**, Health Net demands judgment in its favor and against Plaintiffs dismissing their Complaint with prejudice and for an award of attorney's fees and costs.

CONNELL FOLEY LLP
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002

*Attorneys for Defendant
Health Net of New Jersey*

BY: *s/Christine Orlando*
    Christine S. Orlando, Esquire

DATE: December 19, 2012

## **DESIGNATION OF TRIAL COUNSEL**

Please be advised that Christine S. Orlando, Esquire is designated for trial counsel for Defendant Health Net of New Jersey.

        CONNELL FOLEY LLP
        Liberty View
        457 Haddonfield Rd., Ste. 230
        Cherry Hill, NJ 08002

        *Attorneys for Defendant*
        *Health Net of New Jersey*

BY:   *s/Christine Orlando*
        Christine S. Orlando, Esq.

DATE:   December 19, 2012

2824827-01

**CERTIFICATE OF SERVICE**

I, Angela M. Grasso, of full age, hereby certify that the within Answer and Affirmative Defenses has been electronically filed with the Clerk within the time and in the manner prescribed by the Rules of Civil Procedure and that a copy of the within pleading has been served this date, via email and first-class mail, postage prepaid, upon:

Massood & Bronsnick, LLC<br>
50 Packanack Lake Rd. East<br>
Wayne, NJ 07470<br>
*Attorneys for Plaintiff*

*/s/ Angela Grasso*
Angela M. Grasso

DATE:   December 19, 2012

2824827-01