IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTHERN NEW JERSEY ORTHOPAEDIC SPECIALISTS, P.A.; MARC A. COHEN, M.D.; BERGEN ANESTHESIA & PAIN MANAGEMENT; MICHAEL D. MOST, M.D. a/s/o E.C.,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTH NET OF NEW JERSEY, INC.; ABC CORP. 1-10 (said names being fictitious and unknown entities),<br><br>Defendant(s). | CIVIL ACTION NO.: 12-06257-SRC-CLW |

## HEALTH NET OF NEW JERSEY'S STATEMENT OF UNCONTESTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1, Defendant Health Net of New Jersey, Inc. ("HNNJ") respectfully submits this Statement of Uncontested Facts in support of their Motion for Summary Judgment in their favor and against Plaintiffs.

### STATEMENT OF UNCONTESTED FACTS

A.  **The Parties**

1.  Defendant Health Net of New Jersey, Inc. ("HNNJ") is an insurance company authorized to transact business in the State of New Jersey. (Complaint, ¶ 1).

2. HNNJ, among other things, administers benefits for participants and beneficiaries of benefit plans governed by ERISA. (Notice of Removal, ¶ 5).

3. Plaintiff Northern New Jersey Orthopaedic Specialists, P.A. ("Northern NJ Ortho") is an orthopaedic medical center having its office located in Morristown, New Jersey. (Complaint, ¶ 1).

4. Plaintiff Marc A. Cohen, M.D. ("Dr. Cohen") is a licensed surgeon and works out of Northern NJ Ortho. Dr. Cohen allegedly performed medical procedures on patient E.C. (Complaint, ¶ 2).

5. Plaintiff Bergen Anesthesia and Pain Management ("Bergen Anesthesia") is an anesthesia provider associated with Northern NJ Ortho and allegedly administered anesthesia to E.C. (Complaint, ¶ 3).

6. Plaintiff Michael D. Most, M.D. ("Dr. Most") is a licensed surgeon who allegedly performed medical procedures on E.C. (Complaint, ¶ 4).

7. Each of the Plaintiffs is an out-of-network provider and lacks any contract with HNNJ. (Complaint, ¶ 1).

8. Accordingly, Plaintiffs bring this action as the purported assignee of patient E.C. (Complaint, ¶ 8).

9. E.C. received health care benefits through his employer, Ferris Brothers, Inc., under the terms of a HNNJ Small Group HMO POS Plan, which is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). (Certification of Matthew A. Baker, Exhibits "A" and "B").

**B.    Plaintiffs' Claim for Benefits Under the Plan**

10. Plaintiffs filed a complaint against HNNJ seeking increased reimbursement for services purportedly rendered to E.C. during 2009 through 2012. (Complaint, ¶ 14, 15, 16, 17).

2

11.     Plaintiffs failed to identify what procedures were performed but are seeking increased reimbursement for these procedures in the amount of $181,529.97. (Id.).

12.     Plaintiff Northern NJ Ortho submitted charges for dates of services May 4, 2009 and February 2, 2012, in the aggregate amount of $9,143.75. (Complaint, ¶ 14).

13.     Plaintiff Dr. Cohen submitted charges for dates of service ranging from February 2, 2010 through June 1, 2010, in the aggregate amount of $148,546.00. (Complaint, ¶ 15).

14.     Plaintiff Dr. Most submitted charges in the amount of $21,930. (Complaint, ¶ 16).

15.     Plaintiff Bergen Anesthesia submitted charges in the amount of $4,950. (Complaint, ¶ 17).

16.     Each of the claims was denied in their entirety, except for the claims submitted on behalf of Bergen Anesthesia, which were paid pursuant to the terms of the Plans. (Complaint, ¶ 14, 15, 16, 17).

17.     Plaintiffs contend they are entitled to payment at their billed charges, even though no payment was due under the terms of the Plans. According to Plaintiffs, they are entitled to the "reasonable and customary fee" for their services. (Complaint, ¶ 12, 13).

18.     Plaintiffs contend that the "reasonable and customary" fee is the fee "that 'out-of-network' providers, like the Plaintiffs, normally charge to their patients for services provided in accordance with their experience, education, complexity of the procedures provided, and overhead expenses in the geographic region." (Complaint, ¶ 13).

19.     Plaintiffs now seek increased reimbursement for the services rendered in the amount of $181,529.97. (Complaint, ¶ 14, 15, 16, 17).

3

20. Plaintiffs also bring a state law claim for negligent misrepresentation. (Complaint, Count III).

C.  **HNNJ's Proper Benefit Determinations Under the Terms of E.C.'s Health Benefit Plan**

   1. **E.C.'s Health Benefit Plan for Calendar Year 2009**

21. E.C. received health benefits through his employer, Ferris Brothers, Inc., under an employee benefit plan governed by ERISA. During the calendar year 2009, E.C. had coverage pursuant to a HMO-POS Plan (Baker Cert., Exhibit "A").

22. Under the terms of the 2009 Plan, HNNJ had "the sole right to make a decision or determination." (Baker Cert., Exhibit "A" pp. 15).

23. The 2009 Plan defined a non-network provider as a "provider which is not a network provider." Network providers have "an agreement directly or indirectly with [Health Net] to provide Covered Services or Supplies." (Baker Cert., Exhibit "A" pp. 21).

24. The 2009 Plan defines cash deductible as the "amount of Covered Charges that a Member must pay before the Contract pays any benefits for such charges." (Baker Cert., Exhibit "A" pp. 12).

25. The 2009 Plan further defines coinsurance as the "percentage of Covered Services of Supplies or the percentage of Covered Charges, as applicable, that must be paid by a Member." (Baker Cert., Exhibit "A" pp. 13).

26. Under the 2009 Plan, non-network benefits are reimbursed at:

> an amount that is not more than the usual or customary charge for the service of supply as We [Health Net] Determine, based on a standard approved by the Board. The Board will decide a standard for what is Reasonable and Customary for the Non-Network Benefits under the Contract. The chosen standard is an amount which is most often charged for a given service by a Provider within the same geographic area.

4

(Baker Cert., Exhibit "A" pp. 24).

27. The 2009 Plan explicitly excludes from coverage the "amount of any charge which is greater than a Reasonable and Customary Charge with respect to … all Non-Network benefits." (Baker Cert., Exhibit "A" pp. 75).

28. Non-network services are subject to a calendar year cash deductible of $1,000 per covered person and coinsurance of 30%. (Baker Cert., Exhibit "A" pp. 4).

29. The 2009 Plan also contains a well-defined appeal process. For appealing a decision that is not a utilization review determination, the "first step is to call the Health Netcustomer service toll-free number on Your ID card. If after speaking with a representative You are still dissatisfied with the Health Net decision, You have the right to file a complaint." If the member or representative is still dissatisfied, they "have up [sic] 180 days from the date of the event to file a complaint. A complaint can be made over the phone … or by writing to: Health Net Customer Service Department, 3501 State Highway 66, Neptune, NJ 07754." (Baker Cert., Exhibit "A" pp. 43).

2. **E.C.'s Health Benefit Plan for Calendar Year 2010**

30. During the calendar year 2010, E.C. had coverage pursuant to an HMO Plan (Baker Cert., Exhibit "B").

31. Under the terms of the 2010 Plan, HNNJ had "the sole right to make a decision or determination." (Baker Cert., Exhibit "B" pp. 12).

32. The 2010 Plan defines a Network Provider as "a provider which has an agreement, directly or indirectly with Us to provide Covered Services or Supplies." (Baker Cert., Exhibit "B" pp. 18).

33. Under the 2010 Plan, a Non-Network Provider is defined as "a Provider which is not a Network Provider." (Baker Cert., Exhibit "B" pp. 21).

5

34. The 2010 Plan specifically and unequivocally states:

> Except in cases of emergency, services are available only from Network Providers. We shall have no liability or obligation whatsoever on account of any service or benefit sought or received by a Member from any Provider or other person, entity, institution or organization unless prior arrangements are made by Us.

(Baker Cert., Exhibit "B" pp. 35).

35. The 2010 Plan also contains a well-defined appeal process. For appealing a decision that is not a utilization review determination, the "first step is to call the Health Net customer service toll-free number on Your ID card. If after speaking with a representative You are still dissatisfied with the Health Net decision, You have the right to file a complaint." If the member or representative is still dissatisfied, they "have up [sic] 180 days from the date of the event to file a complaint. A complaint can be made over the phone … or by writing to: Health Net Customer Service Department, 3501 State Highway 66, Neptune, NJ 07754." (Baker Cert., Exhibit "B" pp. 38-39).

### 3. HNNJ's Proper Denial of Benefits

36. Plaintiff Northern NJ Ortho submitted claims for "surgical services" for date of service May 4, 2009 in the amount of $6,967.75. HNNJ denied payment on that basis that "this claim has been denied due to the fact that we have never received a related bill from the hospital. We will review and reprocess your claim as soon as the hospital bill is received. (Baker Cert., Exhibit "C").

37. Plaintiff Northern NJ Ortho submitted claims for "nuerology procedures" for date of service February 2, 2010 in the amount of $2,176. (Baker Cert., Exhibit "C").

38. HNNJ erroneously made payment on the claim in the amount of $2,028.28. As Plaintiff Northern NJ Ortho was a non-network provider, pursuant to the 2010 Plan, no payment should have been made. (Certification of Edward R. Muehlbauer, ¶ 3).

39. Plaintiff Dr. Cohen submitted claims for "surgical services" for date of service May 4, 2009 in the amount of $74,628. HNNJ denied payment on the basis that the "we have never received a related bill from the hospital. We will review and process your claim as soon as the hospital bill is received." (Baker Cert., Exhibit "C").

40. Plaintiff Dr. Cohen submitted claims for "surgical services" for date of service February 2, 2010 in the amount of $73,208. HNNJ denied payment on the basis that the "provider is not within your assigned network of providers and the service is not considered emergent." (Baker Cert., Exhibit "C").

41. Plaintiff Dr. Most submitted claims for "surgical services" for date of service February 2, 2010 in the amount of $21,930. HNNJ again denied payment on the basis that the "provider is not within your assigned network of providers and the service is not considered emergent." (Baker Cert., Exhibit "C").

42. Plaintiff Bergen Anesthesia submitted claims for "anesthesia services" for date of service February 2, 2010 in the amount of $4,950. (Baker Cert., Exhibit "C").

43. HNNJ erroneously made payment on the claim in the amount of $2,923.88. As Plaintiff Bergen Anesthesia was a non-network provider, pursuant to the 2010 Plan, no payment should have been made. (Muehlbauer Cert., ¶ 4).

**4.   The Appeals Record**

44. Plaintiff Dr. Cohen submitted an appeal to HNNJ dated June 3, 2010. The appeal was for services rendered on February 2, 2010. The appeal stated:

> I recently received your denial for D.O.S. February 2, 2010 stating "claim has been denied because provider is not within the member's assigned network." I feel this is incorrect because on January 2, 2010 my office spoke with Sabine from health net [sic] and were informed no authorization was required.

> I may ask that you reconsider my bill for payment as this procedure was medically necessary and the patient does have out of network benefits.
>
> This letter will act as my letter of appeal.

(Baker Cert., Exhibit "D").

45. HNNJ responded to this appeal on June 14, 2010 and advised Dr. Cohen:

> After a review of this grievance and documentation submitted, I have made the determination to uphold the original denial. Per the member's Health Net Benefit Agreement coverage for services rendered by non-participating providers is not a covered benefit; therefore, reimbursement will not be issued for these services.

(Baker Cert., Exhibit "E").

46. Plaintiff Bergen Anesthesia submitted an appeal to HNNJ dated April 6, 2010. The appeal was for services rendered February 2, 2010. The appeal stated:

> We are requesting that the attached claim(s) be reviewed and reprocessed for additional payment. We are a nonparticipating provider that provided anesthesia services without any prejudice to our patient and the patient does not have a choice in the anesthesia doctor. The patients are not being held responsible at this point in time until HEALTHNET reviews our request. If HEALTHNET doesn't feel any other payment can be made, we have the right to hold patients responsible for the balance.

(Baker Cert., Exhibit "F").

47. HNNJ responded to this appeal on April 12, 2010 and advised Bergen Anesthesia:

> After a review of this grievance, the documentation submitted and the member's claims for the above date of service, I have made the determination that the claim was processed correctly. If a member prefers to utilize a HNNJ non-participating provider the member is responsible for the payment of the applicable calendar year cash deductible and/or coinsurance per the Evidence of Coverage. The member opted to use a non-participating facility and a non-participating surgeon therefore the related claims are also processed according to the member's Out-of-Network benefits. Therefore additional reimbursement will not be issued.

(Baker Cert., Exhibit "G").

48.     This response erroneously advised that coverage was provided for the non-network services.  Pursuant to the 2010 Plan, no payment should have been made on the claim submitted by Plaintiff Bergen Anesthesia for date of service February 2, 2010. (Muehlbauer Cert., ¶ 5).

49.     Neither Plaintiff Northern NJ Ortho, nor Plaintiff Dr. Most submitted any appeals for the services at issue which they rendered.  (Muehlbauer Cert., ¶ 6).

## CONCLUSION

For the foregoing reasons, Defendant Health Net of New Jersey, Inc. ("HNNJ") respectfully requests that this Court grant summary judgment in is favor and dismiss Plaintiffs' complaint with prejudice.

> CONNELL FOLEY LLP
> Liberty View
> 457 Haddonfield Rd., Ste. 230
> Cherry Hill, New Jersey 08002
> (856) 317-7100
> *Attorneys for Defendant*
> *Health Net of New Jersey*
>
> BY:  /s/ *Matthew A. Baker*
>      Matthew A. Baker, Esquire

DATE:    August 23, 2013