IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTHERN NEW JERSEY ORTHOPAEDIC SPECIALISTS, P.A., MARC A. COHEN, M.D., BERGEN ANESTHESIA & PAIN MANGEMENT; MICHAEL D. MOST, M.D.; a/s/o ERIC C., <br><br> Plaintiffs, <br><br> v. <br><br> HEALTH NET OF NEW JERSEY, INC.; ABC CORP. (1-10)(Said names being fictitious and unknown entities), <br><br> Defendants. | CIVIL ACTION NO.: 12-06257-SRC-CLW |

**HEALTH NET OF NEW JERSEY'S REPLY
BRIEF IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**CONNELL FOLEY, LLP**
*Attorneys for Defendant*
*Health Net of New Jersey*
Liberty View
457 Haddonfield Road, Suite 230
Cherry Hill, NJ 08002
(856) 317-7100

*On the Brief:*
Christine S. Orlando, Esq.

2985321-01

# TABLE OF AUTHORITIES

**Cases**

*Harrow v. Prudential Ins. Co.,* 279 F.Supp.2d 244 D.N.J. 1999). ................................................. 5

*Howley v. Mellon Fin. Corp.*, 625 F.3d 788 (3d Cir. 2010) ............................................................ 4

*Majka v. Prudential Insurance Co.*, 171 F.Supp.2d 410 (D.N.J. 2001) ......................................... 5

*Orvosh v. Program of Group Ins. For Salaried Employees of
   Volkswagen of Am. Inc.*, 222 F.3d 123 (3d Cir. 2000) ................................................................ 3

**Rules**

29 U.S.C. §1001 ................................................................................................................................ 1

2985321-01

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

TABLE OF CONTENTS ........................................................................................................ iii

    I.    INTRODUCTION ................................................................................................ 1

    II.    STATEMENT OF FACTS .................................................................................. 1

    III.    LEGAL ARGUMENT ......................................................................................... 3

        A.    Plaintiff Has Failed to Demonstrate that HNNJ's Denial Was Arbitrary and Capricious ................................................................................................. 3

        B.    HNNJ's Motion Should Be Granted Because Plaintiffs Failed to Exhaust the Mandatory Appeals Procedures ................................................................ 4

**I.      INTRODUCTION**

Plaintiffs Northern New Jersey Orthopaedic Specialists ("Northern NJ Ortho"), Marc A. Cohen, M.D. ("Dr. Cohen"), Bergen Anesthesia & Pain Management ("Bergen Anesthesia") and Michael D. Most, M.D. ("Dr. Most") (collectively "Plaintiffs"), brought this action against Defendant Health Net of New Jersey ("HNNJ"), as the alleged assignee of E.C., to recover benefits for services allegedly rendered to E.C. between 2009 and 2010.  E.C. received coverage under a health benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*. ("ERISA").  HNNJ filed a motion for summary judgment on the basis that Plaintiffs Northern NJ Ortho and Dr. Most failed to exhaust the mandatory administrative appeals procedure as set forth under the applicable health benefit plan and Plaintiffs have not demonstrated that HNNJ's benefit determination was arbitrary and capricious.  HNNJ now submits this reply brief in further support of its motion for summary judgment.

**II.     STATEMENT OF FACTS**

Notably, Plaintiffs admit material facts upon which HNNJ bases its motion.  Plaintiffs admit that E.C. received health under the terms of a plan governed by ERISA. (HNNJ's Statement of Uncontested Facts ("SOF") [Docket Entry No. 19-3] and Plaintiffs' Brief In Opposition to Motion for Summary Judgment ("Response in Opposition") [Docket Entry No. 22], ¶ 9).  Plaintiffs further admit that the 2010 Plan does not provide for out-of-network benefits and HNNJ has "no liability or obligation whatsoever" for services rendered by an out-of-network provider, like Plaintiffs, "unless prior arrangements are made by [HNNJ]." (*Id*. at ¶ 34). Plaintiffs failed to cite to a single plan provision which would entitle them to payment for services allegedly rendered to E.C.  Instead, Plaintiffs agree that HNNJ erroneously made payment on the claim submitted by Plaintiff Northern NJ Ortho in the amount of $2,028.28

because it is a non-network provider and no coverage is available under the 2010 Plan. (*Id*. at ¶ 38). Plaintiffs also concede that HNNJ erroneously made payment to Plaintiff Bergen Anesthesia in the amount of $2,923.88 because it is a non-network provider and no coverage is allowed under the 2010 Plan. (*Id*. at ¶ 43).

Lastly, while Plaintiffs do not dispute that Plaintiffs Northern NJ Ortho and Dr. Most failed to file an appeal, they claim, without any support, that the appeals "fall under the same appeal" as Dr. Cohen because "they work from the same office and are appealing for the same date of service." (SOF at ¶ 48; Response in Opposition at ¶ 49). However, Plaintiffs ignore that Dr. Cohen only appealed the 2010 date of service and no appeal was filed for the 2009 date of service. Plaintiffs also fail to recognize that Dr. Cohen submitted the appeal under the letterhead of "The Spine Institute, P.A.," and refers to "I," and not "we," several times throughout the appeal. (Certification of Matthew A. Baker ("Baker Cert."), Ex. D [Docket Entry No. 19-9]). Moreover, the appeal form clearly advises that "YOU MUST SUBMIT A SEPARATE APPLICATION FOR EACH CLAIMS APPEAL. (*Id*.). However, Dr. Cohen is the only provider that submitted a form and he left blank the section titled "Provider Group (if applicable)." HNNJ responded directly to Dr. Cohen, indicating that it only considered those claims for services rendered by Dr. Cohen. In responding to the appeal, HNNJ simply informed Dr. Cohen that the determination represents the final decision of the "internal provider grievance process." (Baker Cert., Ex. E [Docket Entry No. 19-10]).

2

### III. LEGAL ARGUMENT

#### A. Plaintiff Failed to Demonstrate that HNNJ's Denial Was Arbitrary and Capricious

Without any factual or legal support, Plaintiffs argue that HNNJ failed to comply with ERISA because it made payments below the reasonable and customary rates and failed to make certain payments. In support of their position, Plaintiffs cite ERISA 502(a)(1)(B), which states that a civil action may be brought by a participant or beneficiary to recover benefits due under the terms of the plan. 29 U.S.C.S. § 1132(a)(1)(B). Plaintiffs also contend that a plan administrator's decision is arbitrary and capricious if the administrator fails to "comply with the procedures required by the plan." (Response in Opposition at 13 (quoting *Orvosh v. Program of Group Ins. For Salaried Employees of Volkswagen of Am. Inc*., 222 F.3d 123, 129 (3d Cir. 2000)).

Plaintiffs' position that HNNJ has violated ERISA ignores the clear terms of the 2010 Plan pursuant to which E.C. received benefits. HNNJ properly denied the claims submitted by Dr. Cohen because the 2010 Plan provides that services rendered by non-network providers are not covered. (Baker Cert., Ex. B at 35). Certainly, HNNJ's determination to deny claims based upon the clear plan provision excluding coverage for services rendered by non-network providers, like Plaintiffs, is not arbitrary and capricious. *Shapiro v. Metro. Life Ins. Co.,* Civ. A. No. 08-6204, 2010 WL 1779392 (D.N.J. Apr. 30, 2010), aff'd, 430 Fed. App'x 169 (3d Cir. 2011) (Where the claim administrator's actions were based upon the clear language of the policy, the actions were not "arbitrary or capricious" as a matter of law and the court must defer to the Claim Administrator.)

Plaintiffs make no colorable argument and fail to cite any relevant law which suggests that a mistake in payment compels HNNJ to pays the full claims in contravention of the clear

3

plan terms.  The terms of the 2010 Plan simply do not allow coverage for services rendered by a non-network provider.  Based upon the undisputed certification, HNNJ erroneously made payment on the claims submitted by Plaintiffs Bergen Anesthesia and Northern NJ Ortho for the February 2, 2010 date of service.  (Certification of Edward R. Muehlbauer, ¶¶ 3 & 4).

Plaintiffs' reliance upon the claim paid to Patient Care, another provider that is not associated with this lawsuit, to demonstrate that the claims at issue should be paid is misplaced.  These claims were not part of the administrative record and are not properly before this Court.  A "court reviewing an ERISA plan administrator's coverage decision must look only to the evidence before the administrator at the time the decision was made," because only the materials considered by the administrator are relevant to the analysis of whether the decision rendered was or was not "arbitrary and capricious." *Howley v. Mellon Fin. Corp.*, 625 F.3d 788, 793 (3d Cir. 2010).  Accordingly, these claims are irrelevant to this litigation and should not be used as the basis to determine whether payment is proper in this matter.  As no evidence has been put forth which would even suggest the benefit determinations in these matter were arbitrary and capricious based on an erroneous payment being made, HNNJ is entitled to summary judgment as a matter of law.

      **B.**    **HNNJ's Motion Should Be Granted Because Plaintiffs Failed to Exhaust the Mandatory Appeals Procedures**

Plaintiffs mistakenly argue that the appeal process set forth under the 2010 Plan "consists of purely voluntary appeal processes." (Response in Opposition at 15).  In doing so, Plaintiffs gravely misstate the applicable regulations promulgated under ERISA.  Contrary to Plaintiffs' assertion, voluntary appeals procedures under 29 C.F.R. §2560.503-1(c)(3) include "voluntary

arbitration and other forms of dispute resolution." It is clear that this provision intends to include voluntary appeals such as to an independent utilization review organization ("IURO").

Plaintiffs simply disregard the well-settled case law that a plan beneficiary claiming an improper denial of benefits must "exhaust the internal administrative procedures made available by the ERISA plan at issue before seeking judicial relief." *Majka v. Prudential Insurance Co.*, 171 F.Supp.2d 410, 414 (D.N.J. 2001). "Except in limited circumstances, a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the administrative remedies under the plan." *Harrow v. Prudential Ins. Co.,* 279 F.Supp.2d 244, 249 (D.N.J. 1999). Here, the Plan contains appeal procedures that must be exhausted prior to filing suit under the Plan. (Baker Cert., Ex. B at 38-9).

It is undisputed that neither Plaintiff Northern NJ Ortho, nor Plaintiff Dr. Most, filed any type of appeal for the adverse benefit determinations as issue. As these Plaintiffs failed to file any type of appeal, they have failed to exhaust the mandatory appeals procedures as contained in both the 2009 and 2010 ERISA governed Plans (even though Plaintiffs only refer to the 2010 Plan). Plaintiffs simply cannot avoid this fatal deficiency by asserting that the appeal was related to the appeal filed by Dr. Cohen. It is clear that Dr. Cohen only appealed the 2010 date of service; no appeal was filed for the 2009 date of service; and the appeal was filed under the letterhead of "The Spine Institute, P.A.," and not Northern NJ Ortho. (Baker Cert., Ex. D). Accordingly, HNNJ is entitled to summary judgment as a matter of law with respect to the claims brought on behalf of Plaintiffs Northern NJ Ortho and Dr. Most.

                                              CONNELL FOLEY LLP
                                              Liberty View

        457 Haddonfield Rd., Ste. 230
        Cherry Hill, NJ 08002

        *Attorneys for Defendant*
        *Health Net of New Jersey, Inc.*

BY:  /s/ Christine S. Orlando
      Christine S. Orlando, Esquire

DATE:  September 30, 2013

6