IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTHERN NEW JERSEY ORTHOPAEDIC SPECIALISTS, P.A., MARC A. COHEN, M.D., BERGEN ANESTHESIA & PAIN MANGEMENT; MICHAEL D. MOST, M.D.; a/s/o ERIC C., <br><br>Plaintiffs, <br><br>v. <br><br>HEALTH NET OF NEW JERSEY, INC.; ABC CORP. (1-10)(Said names being fictitious and unknown entities), <br><br>Defendants. | CIVIL ACTION NO.: 12-06257-SRC-CLW |

**HEALTH NET OF NEW JERSEY'S REPLY TO PLAINTIFFS'
COUNTERSTATEMENT OF FACTS**

                                                                             **CONNELL FOLEY, LLP**
                                                                             *Attorneys for Defendant*
                                                                             *Health Net of New Jersey*
                                                                             Liberty View
                                                                             457 Haddonfield Road, Suite 230
                                                                             Cherry Hill, NJ 08002
                                                                             (856) 317-7100

*On the Brief:*
Christine S. Orlando, Esq.

1.      Northern NJ Orthopaedic Specialists, P.A. (hereinafter referred to as "Northern NJ Ortho" or "Plaintiff") is an orthopaedic medical service provider having its office located at 111 Madison Avenue, Morristown, New Jersey.  Marc A. Cohen, M.D. (hereinafter referred to as "Dr. Cohen"), Danilo Manguany, M.D. ("Dr. Manguany"), and Dannette Marin R.N. ("Nurse Marin") are medical related providers who work for Northern NJ Ortho's office.

**RESPONSE:**   Defendant Health Net of New Jersey ("HNNJ") objects to the unsubstantiated averments contained in this paragraph of the Counterstatement of Facts on the basis that the paragraph does not conform to FED.R.CIV.P. 56(c).  Subject to and without waiving this objection, HNNJ admits only that Plaintiff Dr. Cohen works out of Northern NJ Ortho.  HNNJ denies the remaining averments on the basis that the facts are not supported by the pleadings or the administrative record. (*See* Amended Complaint [Docket Entry No. 6]).

2.      Dr. Cohen is a licensed surgeon who performed medical procedures on Eric C. and works out of the Ortho Specialist facility.

**RESPONSE:**   HNNJ objects to the unsubstantiated averments contained in this paragraph of the Counterstatement of Facts on the basis that the paragraph does not conform to FED.R.CIV.P. 56(c).  Subject to and without waiving this objection, HNNJ admits only that Plaintiff Dr. Cohen is a licensed surgeon who works out of NJ Ortho and allegedly performed medical procedures on patient E.C. (Amended Complaint at ¶ 2).

3.      Bergen Anesthesia and Pain Management (hereinafter referred to as "Bergen") is an anesthesia provider associated with Plaintiff, Northern NJ Ortho, and administered anesthesia to Eric C.  Its location is at 500 Grand Avenue, Englewood, New Jersey.

**RESPONSE:**   HNNJ objects to the unsubstantiated averments contained in this paragraph of the Counterstatement of Facts on the basis that the paragraph does not conform to

2985622-01

FED.R.CIV.P. 56(c). Subject to and without waiving this objection, HNNJ admits only that Plaintiff Bergen Anesthesia and Pain Management is an anesthesia provider associated with Northern NJ Ortho and allegedly administered anesthesia to E.C. (Amended Complaint at ¶ 3).

4. Michael D. Most, M.D. (hereinafter referred to as "Dr. Most") is a licensed surgeon who performed medical procedures on Eric C.

**RESPONSE:** HNNJ objects to the unsubstantiated averments contained in this paragraph of the Counterstatement of Facts on the basis that the paragraph does not conform to FED.R.CIV.P. 56(c). Subject to and without waiving this objection, HNNJ admits only that Plaintiff Michael D. Most, M.D. is a licensed surgeon who allegedly performed medical procedures on E.C. (Amended Complaint at ¶ 4).

5. The Plaintiffs in the case are Northern NJ Ortho, Dr. Cohen, Dr. Most and Bergen.

**RESPONSE:** HNNJ objects to the unsubstantiated averments contained in this paragraph of the Counterstatement of Facts on the basis that the paragraph does not conform to FED.R.CIV.P. 56(c). Subject to and without waiving this objection, HNNJ responds admitted.

6. Defendant, Health Net of New Jersey, Inc. (hereinafter referred to as "Health Net" or "Defendant") is a health insurance company providing payment for health insurance coverage to its policy holders.

**RESPONSE:** HNNJ objects to the unsubstantiated averments contained in this paragraph of the Counterstatement of Facts on the basis that the paragraph does not conform to FED.R.CIV.P. 56(c). Subject to and without waiving this objection, HNNJ responds denied. HNNJ is an insurance company that, among other things, administers benefits for participants

2985622-01

and beneficiaries of benefit plans governed by ERISA. (*See* Notice of Removal [Docket Entry No. 1], ¶ 5).

      7.      Patient, Eric C. received treatment with Plaintiffs for the dates of service May 4, 2009 and February 2, 2010.  Eric C. also has a series of follow up visits with Plaintiffs on July 21, 2009; August 18, 2009; October 23, 2009; January 2010; March 2, 2010; and June 1, 2010.

      **RESPONSE:**   HNNJ objects to the unsubstantiated averments contained in this paragraph of the Counterstatement of Facts on the basis that the paragraph does not conform to FED.R.CIV.P. 56(c).  Subject to and without waiving this objection, HNNJ admits only that Plaintiffs allegedly rendered services to E.C. on May 4, 2009 and February 2, 2010.  HNNJ denies the remaining averments on the basis that the facts are not supported by the pleadings or the administrative record. (*See* Amended Complaint).

      8.      On May 4, 2009, Eric C. underwent a left retroperitoneal dissection for exposure of L3-L4 and L5-S1 for discectomy and anterior lumbar interbody fusion.  The procedures that were performed on the aforementioned date of service are as follows: Anterior lumbar discectomy and decompression at L3-L4 and L5-S1; Anterior lumbar interbody fusion at L3-L4 and L5-S1; Anterior lumbar cage placement at L3-L4 and L5-S1; anterior lumbar spinal stabilization at L3-L4 and L5-S1; local bone graft harvesting; intraoperative x-ray interpretation; and microscopic technique (See **Certification of Andrew R. Bronsnick, Esq. "Exhibit A"**). These procedures were performed at Saint Clare's Hospital in Denville. The surgeon for this procedure was Dr. Cohen and Nurse Marin. Dr. Cohen billed a total amount of $74,498.00 for this date of service. **Baker Cert., Exhibit C.**  Nurse Marin billed a total of $6,967.75 for this date of service. Defendant, Health Net has not made a payment for Nurse Marin's charges for the service of Eric C. for the date of service May 4, 2009. **Id**.

**RESPONSE:** HNNJ admits that on May 4, 2009, Plaintiffs allegedly rendered services to E.C. and submitted claims to HNNJ for payment and Plaintiffs failed to file any appeal for the services at issue. (Certification of Edward R. Muehlbauer ("Muehlbauer Cert.") [Docket Entry No, 19-4], ¶ 6). HNNJ denies that the claims were not properly denied. (Certification of Matthew A. Baker, Ex. C)

9. Patient, Eric C. also received treatment on February 2, 2010 at the Patient Care Associates, LLC (hereinafter referred to as "PCA") facility located at 500 Grand Avenue, Englewood, New Jersey. The surgery was an anterior cervical discectomy and fusion with anterior cervical approach. The specific procedures performed were as follows: Anterior cervical discectomy decompression at C6-7; Anterior cervical interbody fusion at C6-7; anterior cervical plate and screw stabilization at C6-7; Local bone graft harvesting; and microscopic technique. The surgeon performing these procedures was Dr. Cohen. The assistant surgeon was Dr. Most. The anesthesiologist was Peter Popa, M.D. who is associated with Bergen. The facility, PCA billed a total of $88,537.00 and Health Net paid a total of $79,965.27 for the date of service February 2, 2010. **Bronsnick Cert., "Exhibit B".** Health Net never made any request for reimbursement of this payment. As such, Health Net paid PCA, an out of network medical provider for the claim on February 2, 2010. PCA is not a party to this action since payment was made for this medical claim.

**RESPONSE:** HNNJ objects to the unsubstantiated averments contained in this paragraph of the Counterstatement of Facts on the basis that the paragraph does not conform to FED.R.CIV.P. 56(c). HNNJ further objects to the averments contained in this paragraph of the Counterstatement of Facts on the basis that the facts are outside the scope of the administrative record and PCA is admittedly not a party to this action. Thus, claims for services allegedly

5

rendered by PCA are not subject to this litigation.  To the extent a response is deemed required, denied.

11.   Bergen billed a total of $4,950.00 for this date of service.  Health Net paid $2,923.88 to Bergen for its services performed on February 2, 2010.  **Bronsnick Cert., Exhibit C.**  Health Net never made any request for reimbursement of this payment.  As such, Health Net paid Bergen, an out of network medical provider for the claim on February 2, 2010.

**RESPONSE:**   HNNJ admits only that Plaintiff Bergen Anesthesia submitted claims for date of service February 2, 2010 in the amount of $4,950.  HNNJ denies that payment was proper.  Payment was erroneously made on the claim in the amount of $2,923.88 because Plaintiff Bergen Anesthesia was a non-network provider, and thus, no payment should have been made pursuant to the 2010 Plan. (Muehlbauer Cert. ¶ 4).

12.   Dr. Mangunay, by and through Northern NJ Ortho, billed a total of $2,176.00 for February 2, 2010.  Health Net paid $2,028.28 to Dr. Mangunay for his services on February 2, 2010.  **Bronsnick Cert., Exhibit D.**  Health Net never made any request for reimbursement for this payment.  As such, Health Net paid Dr. Mangunay, an out of network medical provider for the claim on February 2, 2010.

**RESPONSE:**    HNNJ admits only that Plaintiff Northern NJ Ortho submitted claims for date of service February 2, 2010 in the amount of $2,176.  HNNJ denies that payment was proper.  HNNJ erroneously made payment on the claim in the amount of $2,028.28 because Plaintiff Northern NJ Ortho was a non-network provider, and thus, no payment should have been made pursuant to the 2010 Plan. (Muehlbauer Cert. at ¶ 3).

17.   Health Net paid several non-network providers in an arbitrary and capricious manner for Eric C.'s treatment on February 2, 2010.

**RESPONSE:** HNNJ objects to the unsubstantiated averments contained in this paragraph of the Counterstatement of Facts on the basis that the paragraph does not conform to FED.R.CIV.P. 56(c). HNNJ further objects to the averments contained in this paragraph of the Counterstatement of Facts on the basis that the averments state a conclusion of law. Subject to and without waiving this objection, HNNJ responds denied. HNNJ's determination to deny payment is proper pursuant to the clear plan terms. (Baker Cert., Ex. B at 35).

CONNELL FOLEY LLP
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002

*Attorneys for Defendant*
*Health Net of New Jersey, Inc.*

BY: /s/ Christine S. Orlando
Christine S. Orlando, Esquire

DATE: September 30, 2013