NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTHERN NEW JERSEY ORTHOPAEDIC SPECIALISTS, PA. et al., <br><br> Plaintiffs, <br><br> v. <br><br> HEALTH NET OF NEW JERSEY, INC., <br><br> Defendant. | Civil Action No. 12-6257 (SRC) <br><br> OPINION |

**CHESLER**, District Judge

This matter comes before the Court upon the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Defendant Health Net of New Jersey, Inc. ("Health Net"). For the reasons stated below, the motion will be granted.

This is an action concerning the allegedly improper underpayment or nonpayment of healthcare benefits under an employee health benefit plan (the "Plan") governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Health Net is an insurance company which administers benefits for the Plan. Plaintiffs are providers of healthcare services and assignees of patient "E.C."[1] Plaintiffs do not participate in any provider network established by Health Net. Plaintiffs seek benefit payments for services performed in 2009 and 2010. The parties agree that some of the relevant terms of the Plan differ for the years 2009 and 2010. Health Net has moved for summary judgment against all Plaintiffs.

Health Net first argues that it is entitled to summary judgment against Plaintiffs Northern

---

[1] Health Net has raised no challenge to Plaintiffs' standing to bring this suit.

New Jersey Orthopaedic Specialists, PA. ("NNJOS") and Michael D. Most, M.D. ("Most") for failure to exhaust administrative remedies. Health Net contends that NNJOS and Most failed to submit any appeals for the benefit decisions at issue. In opposition, NNJOS and Most contend that: 1) in 2009, the Plan did not require any appeal process; 2) in 2010, the Plan offered an appeal process which was voluntary, not mandatory; and 3) to whatever extent an appeal process was specified, Plaintiffs substantially complied with its requirements.

Plaintiffs' first argument is contradicted by their Rule 56.1 responsive statement, which states: "Essentially, the appeal process consists of an initial phone call and a follow-up complaint by telephone, with neither one indicating that they are mandatory." (Defs.' 56.1 Resp. Stmt. ¶ 29.) Defendants have thus conceded that the 2009 Plan stated an appeal procedure. The next question, then, concerns their assertion that, for both years, the stated appeals process was not mandatory. Defendants have failed to persuade this Court that the mandatory/voluntary distinction has any relevance to this dispute.

There are a number of reasons for this. The first is that ERISA requires that every plan "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2). This is not an optional or voluntary feature for any plan; the law requires it. Secondly, it is well-established that an ERISA plan participant must exhaust the administrative remedies under the plan before she may initiate a lawsuit to recover benefits or otherwise enforce her rights under the terms of the plan pursuant to the cause of action created by ERISA § 502(a)(1)(B). Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, (3d Cir. 2002). While the statute itself does not expressly require exhaustion of administrative remedies as a prerequisite to

sue, the United States Court of Appeals for the Third Circuit has described the exhaustion requirement as a judicial innovation serving many sound policies, among others, reducing frivolous lawsuits, promoting the consistent treatment of claims for benefits, and enhancing fiduciary management of plans by preventing premature judicial intervention in the plan fiduciaries' decision-making process. Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 279 (3d Cir. 2007) (citing Harrow, 279 F.3d at 249 and Amato v. Bernard, 618 F.2d 559, 567-68 (9th Cir.1980)). The exhaustion requirement is a non-jurisdictional affirmative defense, and the burden of proving it accordingly falls on the defendant. Id. at 280; see also Jakimas v. Hoffmann-La Roche, Inc., 485 F.3d 770, 782 (3d Cir. 2007) (holding that defendant bears the burden of proving an affirmative defense to plaintiff's ERISA claims).

    The Third Circuit has thus made clear that the exhaustion requirement is judicially created and stems from public policy considerations. Plaintiffs have not even argued here that there is some public policy reason that justifies excusing them from the exhaustion requirement. Plaintiffs, instead, argue that the Plan document contains "not a scintilla of language that would place a member or their provider on notice that an appeal was a condition precedent to filing a state or federal lawsuit." (Pls.' Opp. Br. 16.) Thus, their argument appears to be little more than saying that the Plan document did not warn them that ERISA requires administrative remedies or that the Third Circuit requires exhaustion of them. Plaintiffs, however, offer no authority for the proposition that a plan must provide sufficient notice to assert the exhaustion requirement as an affirmative defense, or it is waived. The Third Circuit does not have such a requirement. The wording of the Plan document does not here affect the legal obligations of the parties under ERISA: the Plan was required by statute to offer a review process, and Plaintiffs were required

by the Third Circuit to use it before filing a benefits lawsuit.  The undisputed evidence shows that the Plan offered the review process, but NNJOS and Most did not make use of it.

The Third Circuit has held: "a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan."  Weldon v. Kraft, Inc., 896 F.2d 793, 800 (3d Cir. 1990).  The undisputed evidence shows that the Plan had remedies available.  NNJOS and Most did not exhaust the available remedies.

The 2009 Plan document states:

**COMPLAINT PROCESS**

If You disagree with a Health Net decision that is not a utilization review determination as described above, You . . . can use the Health Net grievance process to address your concern(s).

Your first step is to call . . . If after speaking with a representative You are still dissatisfied with the Health Net decision, You have the right to file a complaint. . .

(Baker Cert. Ex. A at 43.)  The Complaint Process described in the Plan documents did not change from 2009 to 2010.  Plaintiffs rest their characterization of the appeal process as "voluntary" on two things: 1) the word "can" in the first sentence just quoted; and 2) the phrase "You have the right."  There is no need to parse the language of the Plan document, however, because this Court rejects Plaintiffs' argument that, by virtue of these word choices, Health Net waived its right to raise the affirmative defense of failure to exhaust.  There is simply no legal or factual basis for Plaintiffs' position.

In the alternative, Plaintiffs contend that they exhausted the review process, but point only to documents concerned Plaintiffs Marc A. Cohen, M.D. ("Cohen") and Bergen Anesthesia & Pain Management ("Bergen").  (Baker Cert. Exhs. D, F.)  There is no evidence in the record

from which a finder of fact could conclude that NNJOS or Most took any action to exhaust administrative remedies. This Court thus finds that Health Net has carried its burden of proving that NNJOS and Most failed to exhaust administrative remedies, and they failed to meet the Third Circuit condition precedent to bringing suit. NNJOS and Most have failed to present any evidence which raises a factual dispute that precludes the entry of judgment as a matter of law. As to NNJOS and Most, the motion for summary judgment will be granted.

Plaintiffs have submitted evidence that Cohen and Bergen appealed the denial of benefits for services rendered on February 2, 2010. Health Net moves for summary judgment against Cohen and Bergen on the ground that there is no evidence that its denial of benefits to them was arbitrary or capricious. The parties agree that the Court reviews this challenge to a denial of benefits under an arbitrary and capricious standard. "An administrator's decision is arbitrary and capricious if it is without reason, unsupported by substantial evidence or erroneous as a matter of law." Miller v. Am. Airlines, Inc., 632 F.3d 837, 845 (3d Cir. 2011) (citation omitted).

Plaintiffs Cohen and Bergen make only one argument in support of their contention that the denial of benefits was arbitrary and capricious: Health Net made some payments to some out-of-network providers for services to E.C. on February 2, 2010, but not to others. That is the argument in its entirety. This does not even begin to suggest that the denial of benefits to Cohen or Bergen was arbitrary or capricious. It says nothing about whether the decisions to deny benefits were without reason. Health Net has pointed to evidence that, in response to the appeals received from Cohen and Bergen, it reviewed the denial of benefits and explained that they were correct due to the fact that the 2010 Plan provides no benefits for services by providers who are out of network. (Baker Cert. Exhs. E, G.) Cohen and Bergen have offered no evidence from

which this Court could conclude that, under the terms of the 2010 Plan, these determinations were arbitrary or capricious.  Cohen and Bergen have failed to present any evidence which raises a factual dispute that precludes the entry of judgment as a matter of law.  As to Cohen and Bergen, the motion for summary judgment will be granted.

The Amended Complaint contains a state law claim for negligent misrepresentation, and Health Net moves for summary judgment on this claim on the ground that it is preempted by ERISA, which contains a preemption provision.  ERISA § 514(a) provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Suits brought by participants or beneficiaries of ERISA plans concerning matters that "relate to" those plans are governed by the cause of action provided by ERISA § 502(a). <u>Davila</u>, 542 U.S. at 208-09.  Plaintiffs' opposition brief does not contest Health Net's preemption argument, and this Court construes Plaintiffs' silence as a concession that Health Net is correct.  As to the claim for negligent misrepresentation, Health Net's motion for summary judgment will be granted.

In conclusion, Health Net has demonstrated that no material factual disputes preclude the entry of judgment as a matter of law, and that it is entitled to an entry of judgment in its favor on all claims in the Amended Complaint.  The motion for summary judgment is granted in its entirety.

                                                     s/ Stanley R. Chesler     
                                                 STANLEY R. CHESLER
                                                 United States District Judge

DATED: November 1, 2013